**Donald E. BENNETT, Plaintiff–Appellant,**

v.

**Eric H. HOLDER, Jr., Attorney General; et al., Defendants–Appellees.**

No. 08–35334.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 15, 2009.*

Filed Dec. 30, 2009.

Donald E. Bennett, Fairbanks, AK, pro se.

------

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Daniel R. Cooper, Jr., Assistant U.S., Office of the U.S. Attorney, Anchorage, AK, for Defendants–Appellees.

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

MEMORANDUM **

Donald E. Bennett appeals pro se from the district court's order dismissing his action alleging disability discrimination in employment by the United States Marshals Service. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Leong v. Potter*, 347 F.3d 1117, 1121 (9th Cir.2003), and we affirm.

The district court properly dismissed Bennett's Rehabilitation Act claim because Bennett did not timely exhaust his administrative remedies, a prerequisite to filing suit. *See id.*; *Boyd v. U.S. Postal Service*, 752 F.2d 410, 414–15 (9th Cir.1985) (affirming dismissal of Rehabilitation Act claim for failure to exhaust, and explaining that the time period for contacting an Equal Employment Opportunity counselor "begins to run when the facts that would support a charge of discrimination would have been apparent to a similarly situated person with a reasonably prudent regard for his rights").

Because Bennett develops no argument concerning the district court's dismissal of his other claims, we do not address those

------

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

determinations. *See Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1176 (9th Cir. 1996).

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.